UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:18-cr-00026 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| DALE PATRICK, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) (DOC. NO. 30)**

This case is before the Court on the Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. No. 30) (the "Motion"), filed by Dale Patrick ("Patrick"). Patrick is currently incarcerated at Fort Dix FCI [Federal Correctional Institution] in New Jersey. He asks the Court for an order releasing him from custody to serve the remainder of his term in home confinement. For the reasons discussed below, the Court **DENIES** Patrick's Motion.

**I.  BACKGROUND**

On February 28, 2018, the United States of America (the "Government") filed a one count Information in this case, charging Patrick with violations of 18 U.S.C. §§ 2252(a)(4)(B). (Doc. No. 2.) Specifically, Patrick was charged with knowingly possessing and transporting through interstate and foreign commerce "by computer, and the production of such visual depiction involved the use of a minor who had not attained 12 years of age, engaging in sexually explicit conduct." (*Id.*)

On August 2, 2018, the Court sentenced Patrick to a 54-month term of incarceration, five years of supervised release, $18,136.40 in restitution, $5,000 JVTA Assessment, and a $100

special assessment. (Doc. No. 16.) Patrick is currently 52 years old and has an anticipated release date of June 1, 2022. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited October 28, 2021)).

On October 30, 2020, Patrick filed his initial Motion for Compassionate Release (Doc. No. 23) and on November 10, 2020 counsel was appointed. (Doc. No. 24.) After briefing the initial motion, the Court denied the motion for compassionate release for failure to exhaust the administrative requirements. (Doc. No. 29 at PageID 147.) On August 4, 2021, Patrick filed a Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 30.) The Government filed its response on September 20, 2021. (Doc. No. 31.) Patrick did not file a reply. The matter is ripe for review and decision.

II. **ANALYSIS**

  A. **Request for Home Confinement**

Section 3582(c)(1)(A) allows the Court, in certain limited circumstances, to "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A)(i). Patrick requests, "an order releasing him from custody to serve the entire remainder of his 54 month sentence of incarceration to electronic home incarceration. . . ." (Doc. No. 30 at PageID 149.) Indeed, Patrick makes clear that he is only asking "for an order releasing him to serve the remainder of his sentence under home incarceration – not straight release to supervised release." (*Id*. at PageID 157.) Patrick states that, while in prison, he has developed a severe case of insulin-dependent diabetes. (*Id*. at PageID 149) In response, the Government argues that Patrick has failed to provide any documentation in support of his claim that his current medical situation presents either extraordinary or compelling circumstance. (Doc. No. 31 at PageID 184.)

Patrick requests that the Court allow him to complete the rest of his sentence under home incarceration, which amounts to asking the Court to change the place where his sentence will be

2

served (from Fort Dix FCI to his home), without reducing the term of his imprisonment. However, it is the Bureau of Prisons ("BOP"), not the courts, that has the authority to determine the place of a defendant's confinement. The CARES Act did not change this fact. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …"); CARES Act, Pub. L. No. 116-136, at Div. B., Title II, § 120003(b)(2); *United States v. Brummett*, No. 20-5626, 2020 U.S. App. LEXIS 26427, at *5, 2020 WL 5525871 (6th Cir. Aug. 19, 2020) ("to the extent that [the defendant prisoner] sought relief under the CARES Act, the district court correctly held that the authority to grant home confinement remains solely with the Attorney General and the BOP"); *see also United States v Spencer*, No. 20-3721, 2020 U.S. App. LEXIS 28051, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020) ("Section 3582(c)(1)(A) does not authorize the district court to order that a defendant serve his current sentence in home confinement," but, if the court "reduces a defendant's sentence under § 3582(c)(1)(A) to time served, [then] it can impose a term of supervised release equal to the unserved time and order, as a condition of that supervised release, that the defendant be confined to his home"). Therefore, the request is denied.[1]

### III.    CONCLUSION

Although the Court recognizes Patrick's fear of contracting COVID-19, the Court does not have the authority to grant the relief he has requested. For the reasons stated above, the Court **DENIES** the Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. No. 30).

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, November 1, 2021.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] As Patrick does not request a sentence reduction, the Court will not consider the factors set forth in 18 U.S.C. § 3582 applicable to a sentence reduction pursuant to a compassionate release.